USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/30/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE
COMMISSION,

       **Plaintiff,**

   -against-

JOSEPH J. D'AMBROSIO,

       **Defendant.**

25-cv-5884 (AT)

**FINAL JUDGMENT AS TO DEFENDANT JOSEPH J. D'AMBROSIO**

The Securities and Exchange Commission having filed a Complaint and Defendant Joseph J. D'Ambrosio having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Section 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §80b-6(1) and (2)], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

   (1)  to employ any device, scheme, or artifice to defraud any client or prospective client; or

   (2)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

1

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about any investment strategy or investment in securities, the use of client funds, or the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. §80b-6(4)] and Advisers Act Rule 206(4)-8 [17 C.F.R. §275.206(4)-8] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle:

(1)     to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statement made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2)     to otherwise engage in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any investor or prospective investor in a pooled investment vehicle, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor in a pooled investment vehicle, about any investment strategy or investment in securities, the use of investor funds, or the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERD, ADJUDGED AND DECREED that Defendant is liable for disgorgement of $389,699.06, representing net profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $218,215.01, for a total of $607,914.07, payment of which is deemed satisfied by the restitution and forfeiture orders entered in *United States v. D'Ambrosio*, 25-cr-317 (PKC) (S.D.N.Y).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for one year from the date of entry of this Final Judgment for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED.

Dated: June 30, 2026
    New York, New York

_____
ANALISA TORRES
United States District Judge

4